# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| SANDRA RICHARDS, : | |
|     Plaintiff, : | |
| : | |
| v. : | |
| : | No. 3:06cv640 (WWE) |
| RICHARD GASPARINO and ADELA : | |
| QUITO, : | |
|     Defendants. : | |

## RULING ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

This case concerns the arrest of plaintiff Sandra Richards by defendant Officer Richard Gasparino. Specifically, plaintiff alleges that defendants subjected her to malicious prosecution in violation of the Fourth Amendment to the United States Constitution and Connecticut common law.

Defendants have each filed a motion for summary judgment. For the following reasons, the motions for summary judgment will be granted.

## Background

The parties have submitted a statement of undisputed facts in compliance with Local Rule 56, exhibits and affidavits. The evidence submitted reveals the following undisputed facts.

At the time relevant to this action, plaintiff had two children aged fifteen months and eight years old. Plaintiff leased a second floor apartment from defendant Adela Quito at 70 Alvord Lane in Stamford, Connecticut.

On December 23, 2003, defendant Officer Richard Gasparino was assigned to investigate a complaint by tenants in plaintiff's building that plaintiff had been burning

1

newspaper in the hallway. Gasparino interviewed plaintiff who admitted that she had burned newspaper outside the closed door of a first floor apartment. Plaintiff was arrested and subsequently pleaded guilty to charges of reckless endangerment as a result of this incident.

On January 10, 2004, defendant Quito received a phone call from the tenant on the first floor of 70 Alvord Street. The tenant complained of smelling gas throughout the building. Quito, who was at the Stamford Police Department at the time, reported this complaint to Officer Gasparino.

Officer Gasparino proceeded to 70 Alvord Lane to check on the complaint of a potential gas leak. Upon his arrival, he smelled gas in the hallway. He was informed by the first floor tenant that her gas burners were off.

Officer Gasparino knocked on the door of plaintiff's residence, and Rashan Lomax answered the door. Plaintiff was not in the apartment. Gasparino and Lomax determined that the gas burner of the stove was on.

Officer Gasparino was aware that plaintiff had two young children and asked Lomax if plaintiff's baby was at the residence. Lomax answered that he believed the baby was not in the apartment. Subsequently, Officer Gasparino found the baby in another room sleeping. Plaintiff's older daughter was also in the apartment.

Officer Gasparino contacted his supervisor, Sergeant Jarrett, regarding the circumstances he had observed at plaintiff's apartment. Sergeant Jarrett instructed him to contact the Department of Children and Families ("DCF").

Thereafter, DCF took custody of plaintiff's children, and plaintiff was arrested for two counts of Risk of Injury to a Minor.

The criminal charges of reckless endangerment against plaintiff were brought in Stamford Superior Court. Plaintiff agreed to a plea bargain wherein she pleaded guilty to reckless endangerment for the burning newspaper incident and was sentenced to probation and counseling. The charges arising from the January 10th incident were nolled.

## **DISCUSSION**

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc., 664 F. 2d at 351. In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson, 477 U.S. at 255.

If a nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Anderson, 477 U.S. at 249.

Plaintiff brings a state law claim of malicious prosecution against Quito and a Section 1983 claim of malicious prosecution against Gasparino. The standard for each claim is identical. See Jocks v. Tavernier, 316 F.3d 128, 134 (2d Cir. 2003). In order to sustain her claims of malicious prosecution, plaintiff must prove that: 1) defendants initiated or procured the institution of criminal proceedings against her; 2) the criminal proceedings have terminated in her favor; 3) defendants acted without probable cause; and 4) defendants acted with malice, primarily for a purpose other than that of bringing an offender to justice. Heussner v. Day, Berry and Howard, LLP, 94 Conn.App. 569, 578 (2006).

### Quito

Defendant Quito argues that she did not initiate prosecution of plaintiff. Pursuant to Connecticut law, a criminal proceeding is initiated by a private person if she has insisted that an individual be prosecuted by bringing "pressure of any kind to bear upon the public officer's decision to commence the prosecution.' McHale v. W.B.S. Corp., 187 Conn. 444, 448 (1982). McHale goes on to explain that "a private person has not initiated a criminal proceeding if he has undertaken no more than to provide potentially incriminating information to a public officer." See Crocco v. Advance Stores Co. Inc., 421 F.Supp.2d 485, 498 (D.Conn. 2006) (private person is immune from suit for

4

malicious prosecution if he or she in good faith volunteers false incriminating information). In this instance, the evidence demonstrates that plaintiff's arrest for reckless endangerment resulted from Officer Gasparino's investigation of the potential gas leak. Defendant Quito had informed him of the potential gas leak in good faith based on information she had learned from the downstairs tenants. Such facts do not indicate that Quito sought the malicious prosecution of plaintiff for reckless endangerment of her children. Summary judgment will be granted in defendant Quito's favor.

### Gasparino

Defendant Gasparino argues that summary judgment should enter because he acted with probable cause; the criminal proceeding did not enter plaintiff's favor; and he is entitled to qualified immunity. The Court will grant summary judgment on the basis of qualified immunity.

Qualified immunity shields government officials performing discretionary functions from liability to the extent that their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The doctrine protects public officials from the risk of potentially ruinous monetary liability which would deter qualified people from public service, and it safeguards the public interest in having government employees act with independence and without fear of consequences. Eng v. Coughlin, 858 F. 2d 889, 895 (2d Cir. 1988).

A party is entitled to summary judgment based on qualified immunity if the court finds that the rights of the plaintiff were not clearly established or that no reasonable jury

could conclude that it was objectively unreasonable for the defendant to believe that he was not clearly violating an established federal right. Lee v. Sandberg, 136 F.3d 94, 102 (2d Cir. 1996).

In the first stage of the qualified immunity analysis, the court must consider whether the facts, taken in a light most favorable to the plaintiff, could show a constitutional violation. Cowan v. Breen, 352 F.3d 756, 761 (2d Cir. 2003). If so, the court must determine whether the right in question was clearly established at the time the violation occurred. Saucier v. Katz, 533 U.S. 194, 201 (2001).

In determining whether a right is clearly established, the court considers whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. Poe v. Leonard, 282 F.3d 123, 132 (2d Cir. 2002). To determine whether a particular right was clearly established at the time defendant acted, the court should consider: 1) whether the right in question was defined with "reasonable specificity"; 2) whether the decisional law of the Supreme Court and the applicable circuit court support the existence of the right in question; and 3) whether under preexisting law a reasonable defendant official would have understood that his or her acts were unlawful. Jermosen v. Smith, 945 F.2d 547, 550 (2d Cir. 1991).

Thus, a qualified immunity defense is established where: "(a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." Tierney v. Davidson, 133 F.3d 189, 196 (2d Cir. 1998). The doctrine of qualified immunity recognizes that "reasonable mistakes can be made as to the legal constraints on particular police conduct." Saucier, 533 U.S. at 205. However, qualified immunity applies if the officer's

mistake as to what the law requires is reasonable. Id.  Qualified immunity does not apply if, on an objective basis, it is obvious that no reasonably competent officer would have taken the actions of the alleged violation.  Malley, 475 U.S. at 341.  Summary judgment is appropriate when a trier of fact would find that reasonable officers could disagree.  Lennon v. Miller, 66 F.3d 416, 421 (2d Cir. 1995).

Probable cause is the gravamen of a lawful arrest under the Fourth Amendment. Romagnano v. Town of Colchester, 354 F.Supp.2d 129, 135 (D.Conn. 2004).  Thus, the Court must consider whether the requisite indicia that give rise to probable cause were so lacking that defendant is not entitled to the shield of qualified immunity.

Probable cause is a compilation of facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.  Michigan v. DeFillipo, 443 U.S. 31, 37 (1979). "The burden of establishing probable cause rests with the police, who must establish that there was a quantum of evidence which amounted to more than a rumor or suspicion, or even a strong reason to suspect."  Travis v. Village of Dobbs Ferry, 355 F.Supp.2d 740, 748 (S.D.N.Y. 2005).  The reasonable belief standard may require less justification than the more familiar probable cause test.  United States v. Manley, 632 F.2d 978, 983 (2d Cir. 1980), cert. denied, 449 U.S. 1112 (1981).  Police officers are not required "to explore and eliminate every theoretically plausible claim of innocence before making an arrest."  Caldarola v. Calabrese, 298 F.3d 156, 167-68 (2d Cir. 2002).

In this instance, Officer Gasparino had at least arguable probable cause to arrest plaintiff based on his determination that plaintiff had left her two minor children in the

apartment with leaking gas and that no one in the apartment was knowledgeable about the whereabouts of plaintiff's infant. Accordingly, summary judgment will enter in defendant Gasparino's favor.

## **CONCLUSION**

For the foregoing reasons, the motions for summary judgment [#21, 27 and 28] are GRANTED. The clerk is instructed to close this case.

Dated this _2d___ day of November, 2007, in Bridgeport, Connecticut.

_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE